116 F.3d 435
 97 Cal. Daily Op. Serv. 4943, 97 Daily Journal
D.A.R. 15,071,
97 Daily Journal D.A.R. 8072
Mohammed Baher ELRAMLY, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70369.
 United States Court of Appeals,
Ninth Circuit.
 June 25, 1997.
 
 Ruby Aguirre, Alhambra, CA; Javier H. Rubinstein, Mayer, Brown & Platt, Chicago, IL, for petitioner.
 Vernon Benet Miles, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.
 On Remand from the United States Supreme Court.
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This matter is before us on remand from the Supreme Court of the United States. In 1990, petitioner Mohammed Baher Elramly was ordered deported pursuant to section 241(a)(11) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(11). That provision was renumbered in 1990 and is now section 241(a)(2)(B), 8 U.S.C. § 1251(a)(2)(B). The Board of Immigration Appeals affirmed the order, and Elramly petitioned this court for review. We granted his petition for review. Elramly v. I.N.S., 73 F.3d 220 (9th Cir.1995) (amended opinion). The Supreme Court by order granted certiorari, vacated our decision, and remanded the case to us "for further consideration in light of the Antiterrorism and Effective Death Penalty Act of 1996." I.N.S. v. Elramly, --- U.S. ----, 117 S.Ct. 31, 135 L.Ed.2d 1123(1996). After supplemental briefing, we conclude that Elramly's petition must be dismissed for lack of jurisdiction.
 
 
 2
 The Antiterrorism and Effective Death Penalty Act ("Antiterrorism Act") amended the Immigration and Naturalization Act so that the relevant provision now states:
 
 
 3
 Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2) ... (B) ... shall not be subject to review by any court.
 
 
 4
 8 U.S.C. § 1105a(a)(10).
 
 
 5
 Elramly does not deny that he is deportable by reason of conviction of an offense covered by section 241(a)(2)(B). He argues, however, that the above provision of the Antiterrorism Act does not apply "retroactively" to his case. He further argues that, if the Act does apply to his case, it violates the Due Process Clause and the separation of powers. Our circuit has rejected all of these contentions in Duldulao v. I.N.S., 90 F.3d 396 (9th Cir.1996).
 
 
 6
 Elramly argues that Duldulao is distinguishable because Duldulao's petition was pending in this court when the Antiterrorism Act became effective. Elramly points out that our decision in his case had already been made when the Antiterrorism Act became effective. He relies on Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995), which held that Congress lacks the power to overturn final judicial decisions by retroactive legislation.
 
 
 7
 Plaut made a clear distinction, however, "between judgments from which all appeals have been forgone or completed, and judgments that remain on appeal (or subject to being appealed)." Id. The former are final and protected from the effects of new legislation. Id. Elramly's case is not in that posture; this court had decided his case when the Antiterrorism Act became effective, but the government's timely petition for certiorari was pending in the Supreme Court. "[T]he decision of an inferior court is not (unless the time for appeal has expired) the final word of the [judicial] department as a whole." Id. The Supreme Court unquestionably had the power to review our decision at the time the Antiterrorism Act became law. "It is the obligation of the last court in the hierarchy that rules on the case to give effect to Congress's latest enactment, even when that has the effect of overturning the judgment of an inferior court, since each court, at every level, must 'decide according to existing laws.' " Id. (quoting United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49, (1801)). The Supreme Court has overturned our earlier decision, and has remanded the matter to us to consider the effect of the Antiterrorism Act. The case is pending before us, and no final judgment has been entered. We therefore must apply existing laws, including the jurisdictional provision of the Antiterrorism Act. That provision requires us to dismiss the petition for review. See Duldulao, 90 F.3d at 399.
 
 
 8
 PETITION FOR REVIEW DISMISSED.