1997 ME 205

**Irene WEEKS**

v.

**ALLEN & COLES MOVING SYSTEMS**

**and**

**Morse, Payson & Noyes.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Oct. 21, 1997.

Irene Weeks, Brunswick, employee pro se.

Michael J. Schmidt, Michael H. Smith, Wheeler & Arey, P.A., Waterville, for employer.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] The employer, Allen & Coles Moving Systems, appeals from a decision of the Workers' Compensation Board. The Board denied the employee's petition for award, but ordered the employer to pay benefits for the period beginning on the date of the alleged injury in 1993 and ending on the date of the decree. 39–A M.R.S.A. § 205(2) (Supp.1996); Me. W.C.B. Rule ch. 1, § 1.2 (1997); Me. W.C.B Rule ch. 1, § 1.1 (Me.1993), *replaced by* Me. W.C.B. Rule ch. 1, §§ 1.1 & 1.2 (1997) (effective March 21, 1995). The award was premised on the employer's failure to controvert the claim within 14 days after receiving notice of the injury in 1993 and its failure to pay benefits that had accrued as of that date. We conclude that the Board erred, and we vacate the Board's decision.

[¶ 2] The facts may be briefly summarized as follows: The employee, Irene Weeks, filed a petition for award and a petition to fix medical expenses in May 1994, contending that she suffered a work-related injury in 1993. The Board denied her petitions, concluding that she failed to provide a timely notice of her injury to her employer, and therefore, her claim of injury was barred.

39-A M.R.S.A. § 301 (Supp.1996). The employee has not appealed from that decision. The Board also found that although the employer first learned of the injury on August 12, 1993, it did not file a notice of controversy until September 14, thirty-three days after the date of receiving notice. The Board concluded that because the employer filed a notice of controversy later than 14 days following its receipt of notice of the injury, it was required, at the time it filed its notice of controversy, to pay benefits for the period between the date of injury and the date the notice was filed. Because the employer failed to pay benefits contemporaneously with the late filing of its notice of controversy, the Board ordered it to pay short-term total and partial benefits from the date of the alleged injury to the date of the decree. Me. W.C.B. Rule ch. 1, § 1.2. We granted the employer's petition for appellate review pursuant to 39-A M.R.S.A. § 322 (Supp.1996).

■ [¶ 3] The employer contends that the Board had no authority in this case to order retroactive benefits from the date of the employee's alleged injury to the date of the decree denying her petition for award. We agree. We have stated that the Board has "no powers beyond those expressly granted to it by the Legislature, or such as emerge therefrom by implication as necessary and incidental to the full exercise of the powers explicitly granted." *Wood v. Cives Constr. Corp.,* 438 A.2d 905, 908 (Me.1981). Therefore, in the absence of a statute or a validly enacted rule authorizing the Board's order of retroactive benefits in this case, the decision cannot stand.

[¶ 4] The Board suggested three possible grounds for its decision: (1) the statute, 39-A M.R.S.A. § 205; (2) the former board rule, Me. W.C.B. Rule ch. 1, § 1.1 (Me.1993), *replaced by* Me. W.C.B. Rule ch. 1, §§ 1.1 & 1.2; and (3) the current Board rule, Me. W.C.B. Rule ch. 1, § 1.2 (Me.1997). We conclude that the result reached by the Board is not compelled by 39-A M.R.S.A. § 205.[1] Section 205, by its plain language, does not provide a penalty for an employer's failure to controvert a claim of injury within 14 days of notice of the injury, nor does it require the contemporaneous payment of benefits if a notice of controversy is filed after 14 days. We also find no support for the Board's award of retroactive benefits in former board Rule ch. 1, § 1.1. Me. W.C.B. Rule ch. 1, § 1.1 (Me.1993), *replaced by* Me. W.C.B. Rule ch. 1, §§ 1.1 & 1.2 (Me.1995).[2]

---

1. Section 205 provides, in pertinent part:
   **1. Prompt and direct payment.** Compensation under this Act must be paid promptly and directly to the person entitled to that compensation at the employee's mailing address, or where the employee designates, without an award, except in cases when there is an ongoing dispute.
   **2. Time for payment.** *The first payment of compensation for incapacity under section 212 or 213 is due and payable within 14 days after the employer has notice or knowledge of the injury or death, on which date all compensation then accrued must be paid.* Subsequent incapacity payments must be made weekly and in a timely fashion....
   **3. Penalty for delay.** When there is not an ongoing dispute, if weekly compensation benefits or accrued weekly benefits are not paid within 30 days after becoming due and payable, $50 per day must be added and paid to the worker for each day over 30 days in which benefits are not paid. Not more than $1,500 in total may be added pursuant to this subsection....
   ....
   **5. Employer failure to provide notice.** An employer who has notice or knowledge of the disability or death and fails to give notice to

   the carrier shall pay the penalty provided for in subsection 3 for the period during which the employer failed to notify the carrier.
   ....
   **7. Memorandum of payment.** Upon making the first payment of compensation for incapacity or upon making a payment of compensation for impairment, the employer shall immediately forward to the board a memorandum of payment on forms prescribed by the board....
   39-A M.R.S.A. § 205 (Supp.1996) (emphasis added).

2. The 1993 rule provided, in pertinent part:
   Claims for Incapacity and Death Benefits
   A. Within 14 days of notice or knowledge of a claim for incapacity or death benefits for a work-related injury, the employer will:
   (1) Accept the claim and file a Memorandum of Payment checking "Accepted" in Box 15; or
   (2) Pay without prejudice and file a Memorandum of Payment checking "accepted Pending Investigation" in Box 15; or
   (3) Deny the claim and file a Notice of Controversy.
   B. *If the employer fails to comply with the provisions of paragraph A, the matter will be referred to a troubleshooter.*

That rule provided that the failure of an employer to controvert a claim within 14 days after receiving notice of an injury will result in a referral of the matter to a troubleshooter. The rule does not imply a penalty for the late filing of a notice of controversy.[3]

[¶ 5] Because the Board's conclusion is not compelled by the statutory language nor by former Rule ch. 1, § 1.1, legal authority for the Board's action, if any, must be derived from the current Board rule. *See, e.g., Maine Sch. Admin. Dist. No. 15 v. Reynolds,* 413 A.2d 523, 527 (Me.1980) (binding agency policy not compelled by statute must be adopted pursuant to rulemaking). The employer does not contend that the result reached by the Board is inconsistent with the current board rule, Me. W.C.B. Rule ch. 1, § 1.2 (Me.1997);[4] rather, it contends that the current rule is not applicable in this case.

[¶ 6] The current rule was promulgated on March 21, 1995. The employee's petitions were filed in May 1994, and therefore, the proceeding in this case was pending on the date the rule became effective. *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 628 (1994). In determining whether a statute or ordinance affects proceedings pending on the date of enactment, we apply 1 M.R.S.A. § 302 (1989), and require a clear statement or implication of retroactive intent. *Id.* Although an administrative rule is neither an ordinance nor a statute, the logic underlying section 302 applies with equal force. *See,*

*e.g., Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments *and administrative rules* will not be construed to have retroactive effect unless their language requires this result" (emphasis added)); *Moore v. Moore,* 586 A.2d 1235, 1237 (Me.1991) (applying section 302 to administrative orders of the Supreme Judicial Court).

 [¶ 7] Accordingly, we do not decide whether the Board's decision is consistent with current board Rule ch. 1, § 1.1. There is no evidence that the Board intended to apply this rule to a proceeding pending on the effective date of the rule, and, therefore, we conclude that the rule does not apply. Because there is no authority to support the Board's award of retroactive benefits in this case, we vacate the decision of the Board.

The entry is:

The decision of the Workers' Compensation Board vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the decision therein.

---

(Emphasis added.)

3. *See* 39–A M.R.S.A. § 153(2) (Supp.1996) (requiring the Board to establish a troubleshooter program "to provide information and assistance to participants in the workers' compensation system. The troubleshooter may meet or otherwise communicate with employees, employers, insurance carriers and health care providers in order to prevent or informally resolve disputes"); Me. W.C.B. Rule ch. 1, § 6.1 (Me.1997) ("All Notices of Controversy shall initially be referred to the Office of Troubleshooters where an attempt shall be made to informally resolve the dispute. If the Office of Troubleshooters is unable to resolve the dispute, the Notice of Controversy shall be scheduled for mediation").

4. The current rule provides:
Claims for Incapacity and Death Benefits
1. Within 14 days of notice or knowledge of a claim for incapacity or death benefits for a

work-related injury, the employer or insurer will:
A. Accept the claim and file a Memorandum of Payment checking "Accepted" in Box 18; or
B. Pay without prejudice and file a Memorandum of Payment checking "Voluntary Payment Pending Investigation" in Box 18; or
C. Deny the claim and file a Notice of Controversy.
2. If the employer fails to comply with the provisions of Rule 1.1, the employee must be paid total benefits, with credit for earnings and other statutory offsets, from the date of incapacity in accordance with 39–A M.R.S.A. § 205(2) and in compliance with 39–A M.R.S.A. § 204. The requirement for payment of benefits under this subsection automatically ceases upon the filing of a Notice of Controversy and the payment of accrued benefits.