2003 ME 138

**Anita MORRISSETTE**

v.

**KIMBERLY–CLARK CORPORATION.**

Supreme Judicial Court of Maine.

Argued: Jan. 16, 2003.
Decided: Dec. 4, 2003.

Wayne W. Whitney (orally), Mcteague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employee.

Daniel F. Gilligan (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Kimberly–Clark Corporation appeals from a decision of a hearing officer of the Workers' Compensation Board (*Elwin, HO*) granting the petition of its employee, Anita Morrissette, for restoration of benefits. Kimberly–Clark contends that the retroactive application of 39–A M.R.S.A. § 224 (Supp.2002) to determine Morrissette's level of benefits was a violation of the constitutional doctrine of separation of powers because it altered a previous calculation of benefits made consistent with our decision in *Bernard v. Mead Publ'g Paper Div.*, 2001 ME 15, 765 A.2d 576. We disagree with Kimberly–Clark and affirm that part of the decision restoring benefits to Morrissette. Because Morrissette does not challenge Kimberly–Clark's appeal from the denial of its petition pursuant to 39–A M.R.S.A. §§ 205(9)(B)(2) & 324(1) (2001) for reimbursement of payments made to Morrissette during the pendency of a prior unsuccessful petition for appellate review, we vacate the denial of the petition for reimbursement and remand for a hearing officer for the determination of the amount to be reimbursed.

## I.  FACTS AND PROCEDURAL HISTORY

[¶ 2] Morrissette suffered a bilateral work-related carpal tunnel injury in 1983 and a subsequent work-related back injury in 1992, while employed by Scott Paper.[1] Morrissette was laid off from her employment in 1995. By a hearing officer decree in 1996, Morrissette was awarded ongoing sixty-three percent partial incapacity benefits.

[¶ 3] Morrissette obtained short-term employment with Saturn Business Services in 1997, and then left that employment to obtain work at the Maine Farm Bureau. In 1998 Kimberly–Clark filed a petition for review, seeking to reduce Morrissette's benefits. The hearing officer granted the petition, finding that there had been a change of economic circumstances since the 1996 decree, and that Morrissette's continuing restrictions were solely related to her 1983 bilateral arm injury. The

---

1.  Scott Paper was purchased by Kimberly–Clark in 1997.

hearing officer reduced Morrissette's compensation to fifty-four percent partial incapacity, based on a comparison of her current earnings and her inflated average weekly wage at the time of her injury.

[¶ 4] Kimberly–Clark then filed a motion for findings of fact contending, in part, and persuading the hearing officer, that pursuant to *Allen v. Bath Iron Works Corp.,*[2] the hearing officer should have *first* compared Morrissette's uninflated pre-injury and post-injury earnings, and *then* applied the inflation adjustment to the difference. 1999 ME 57, ¶ 7, 728 A.2d 121, 123. Accordingly, the hearing officer granted Kimberly–Clark's motion and reduced Morrissette's benefits from $292.66 to $47.67, based on a comparison of uninflated wages.

[¶ 5] Morrissette challenged the decision in a petition for appellate review. In January 2001, we decided *Bernard,* 2001 ME 15, 765 A.2d 576, in which we concluded that, in applying the inflation adjustment, the hearing officer must first compare uninflated pre-injury and post-injury wages and then apply the inflation adjustment to that result.[3] *Id.* ¶ 17, 765 A.2d at 581. On March 15, 2001, we denied Morrissette's pending petition for appellate review without comment.

[¶ 6] Also in March 2001, Morrissette lost her employment with the Farm Bureau and filed a petition for restoration with the Board alleging changed economic circumstances. Shortly thereafter, Kimberly–Clark filed a petition with the Board seeking repayment of $7049.03 in benefits it had paid during the pendency of Morrissette's petition for appellate review that was denied on March 15, 2001.

[¶ 7] Following our decision in *Bernard,* the Legislature enacted 39–A M.R.S.A. § 224, altering the rule articulated in *Bernard* for calculating benefits. Section 224 became effective in September of 2001, and provides:

> The annual adjustment made pursuant to former Title 39, sections 55 and 55–A must be made as follows. The preinjury average weekly wage must first be adjusted to reflect the annual inflation or deflation factors as computed by the Maine Unemployment Insurance Commission for each year from the date of injury to the date of calculation. Once this weekly benefit amount is calculated, the amount must continue to be adjusted annually so that it continues to bear the same percentage relationship to the average weekly wage in the State as computed by the Maine Unemployment Insurance Commission as it did at the time of the injury. This section clarifies the method of calculating the annual adjustment to benefits under former Title 39, sections 55 and 55–A and applies to all benefit calculations pursuant to those sections.

39–A M.R.S.A. § 224 (Supp.2002).[4]

[¶ 8] In the decision that is the subject of this appeal, the hearing officer conclud-

---

**2.** *Allen v. Bath Iron Works Corp.,* 1999 ME 57, 728 A.2d 121, preceded our decision in *Bernard v. Mead Publ'g Paper Div.,* 2001 ME 15, 765 A.2d 576.

**3.** Our decision in *Bernard,* did not preclude a different calculation method in cases involving varying rates partial incapacity benefits when an employee's post-injury earnings vary from week to week. *Id.* ¶ 16, 765 A.2d at 581.

*See also Lagasse v. Hannaford Bros. Co.,* 497 A.2d 1112, 1116–17 (Me.1985).

**4.** The enacting provision to 39–A M.R.S.A. § 224 (Supp.2002) states: "This Act applies retroactively to benefit calculations made under the Maine Revised statutes, former Title 39, sections 55 and 55–A at any time after January 1, 1972, and applies notwithstanding any adverse order or decree." P.L.2001, ch.

ed that because Morrissette had established a change of economic circumstances since the 1999 decree, she was entitled to a new calculation of benefits pursuant to section 224, beginning on the date she lost her post-injury employment at the Farm Bureau. Applying section 224, the hearing officer awarded short-term periods of total and partial benefits from March 2001 to March 2002, and forty percent continuing partial benefits thereafter.[5]

[¶ 9] We granted Kimberly–Clark's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 10] An award of incapacity benefits received by an injured employee in most cases remains constant until such time as either party can petition the Board and show a change in circumstances to justify an alteration of the award.[6] *See, e.g., McIntyre v. Great N. Paper, Inc.,* 2000 ME 6, ¶¶ 5–6, 743 A.2d 744, 746–47; *Folsom v. New England Tel. & Tel. Co.,* 606 A.2d 1035, 1038 (Me.1992). The changed circumstances doctrine is rooted in the necessity of insuring certainty and finality to hearing officer decisions. *See Folsom,* 606 A.2d at 1038.

[¶ 11] Although some of our early opinions have suggested that the parties have a "vested right" to a level of workers' compensation benefits, and statutory amendments altering an employee's level of benefits may unconstitutionally impair contractual obligations, *see e.g., Reggep v. Lunder Shoe Prods. Co.,* 241 A.2d 802, 804 (Me.1968); *Gauthier's Case,* 120 Me. 73, 76, 113 A. 28, 30 (1921), we have made clear more recently that the level of benefits for injuries predating statutory amendments may be altered by such amendments applied retroactively. *See Tompkins v. Wade & Searway Constr. Corp.,* 612 A.2d 874, 877–78 (Me.1992) (relying, in part, on *Gen. Motors Corp. v. Romein,* 503 U.S. 181, 190–91, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992)). Legislative amendments to the Workers' Compensation Act, however, will *not* apply to workers' compensation proceedings that are pending on the effective date of those amendments in the absence of express evidence of a legislative intent to that effect. *See, e.g., Loud v. Kezar Falls Woolen Co.,* 1999 ME 118, ¶ 11, 735 A.2d 965, 969; *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 628 (Me.1994); *see also Weeks v. Allen & Coles Moving Sys.,* 1997 ME 205, ¶ 6, 704 A.2d 320, 322 (same principle applies to amendments to Board rules). The

---

390, § 2. The Statement of Fact to Committee Amendment A to L.D. 943 provides:

> This amendment replaces the bill. Rather than requiring that the Workers' Compensation Board audit insurers to ensure compliance with the law requiring annual adjustment of benefits for injuries prior to November 20, 1987, the amendment clarifies how the adjustment is to be calculated. This amendment clarifies legislative intent with regard to computation of the cost of living adjustments for partial incapacity benefits for injuries prior to November 20, 1987 and overturns the decision of the Maine Supreme Judicial Court in [*Bernard*]..., which interpreted the Maine Revised Statutes, Title 39, sections 55 and 55–

> A in a manner contrary to prior decisions of the Workers' Compensation Board and long-standing practice.
> L.D. 943, Statement of Fact to Committee Amendment A (120th Legis. 2001).

5. The hearing officer found that, after becoming unemployed in March 2001, Morrissette experienced periods of short-term employment and unemployment, before obtaining more permanent employment in March of 2002.

6. In some situations, it may not be necessary to petition the Board to alter an employee's level of benefits. *See, e.g.,* 39–A M.R.S.A. § 205(9)(A) and (B)(1) (2001).

rule with respect to pending proceedings is not a constitutional mandate, but a rule of statutory construction set out in 1 M.R.S.A. § 302 (1989).[7] *See Riley*, 639 A.2d at 627. Section 224 does contain sufficient express evidence of legislative intent to require the application of that provision to proceedings pending on its effective date. *Bernier v. Data Gen. Corp.*, 2002 ME 2, ¶¶ 16–17, 787 A.2d 144, 150.

[¶ 12] In this case, Morrissette was awarded partial incapacity benefits pursuant to a decree in 1996. In order to reduce her benefits in 1998, it was incumbent on Kimberly–Clark to petition the Board and provide evidence of changed circumstances. Kimberly–Clark succeeded in showing that Morrissette's economic circumstances had improved since the 1996 decree, and benefits were ultimately reduced by a decree in 2000. The benefit calculation used in that decree was consistent with the way we interpreted former title 39 section 55 in our decision in *Bernard*, 2001 ME 15, ¶ 17, 765 A.2d at 581. In March 2001 Morrissette filed a petition for restoration contending that, because she had lost her employment, her economic circumstances had changed since the 2000 decree, and she was entitled to a new determination of benefits. While her petition for restoration was pending, the Legislature enacted section 224, mandating a new calculation method for determining benefits pursuant to former section 55.

█ [¶ 13] Because its language makes clear that section 224 applies to pending petitions, Morrissette's petition for restoration, which was pending at the time section 224 became effective, is governed by that provision, unless there is some constitutional or other prohibition. *See Bernier*, 2002 ME 2, ¶¶ 16–17, 787 A.2d at 150. Kimberly–Clark contends that the hearing officer's application of section 224 to increase Morrissette's benefit violates the doctrine of separation of powers because it is contrary to the hearing officer's earlier method of calculation of benefits in a previous final decision.[8]

[¶ 14] Kimberly–Clark relies primarily on *Plaut v. Spendthrift Farm, Inc.*, in which the United States Supreme Court struck down a congressional enactment as violative of the constitutional separation of powers, because it purported to revive certain causes of action that had been dismissed pursuant to a Supreme Court interpretation of the previous congressional law. 514 U.S. 211, 217–18, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). Prior to *Plaut*, the United States Supreme Court had interpreted section 27A(b) of the Securities Exchange Act of 1934, 15 U.S.C.S. § 78a–78mm (1997 & Supp.2001), restrictively with respect to the time provided in the statute for the filing of civil actions. *Plaut*, 514 U.S. at 214, 115 S.Ct. 1447. Accordingly, a number of civil suits filed pursuant to the Securities Exchange Act were dismissed as untimely. *Id.* Congress amended the Securities Exchange Act with the apparent intention of reviving civil actions that had been dismissed.[9] *Id.* at

---

7. Title 1 M.R.S.A. § 302 (1989) provides, in pertinent part, that "[a]ctions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby."

8. We did not address this issue in *Bernier v. Data Gen. Corp.*, 2002 ME 2, 787 A.2d 144, because, in that case, unlike the present case, there had been no final determination of ben-

efits in a previous decree pursuant to the rule of *Bernard*, 2001 ME 15, 765 A.2d at 581.

9. The amended statute provided:

**(b) Effect on dismissed causes of action**
Any private civil action ... that was commenced on or before June 19, 1991—
(1) which was dismissed as time barred subsequent to June 19, 1991, and

214–15, 115 S.Ct. 1447. In *Plaut*, the United States Supreme Court held that the statutory amendment violated constitutional separation of powers to the extent that it sought to reopen the final judgments of an Article III court. *Id.* at 217–18, 225, 115 S.Ct. 1447.

[¶ 15] In an analogous context in the workers' compensation setting, amendments to the statute of limitations may be applied retroactively to extend the statute of limitations, but *not* to revive cases in which the statute of limitations has expired. *Rutter v. Allstate Auto. Ins.*, 655 A.2d 1258, 1259 (Me.1995); *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231, 1232 (Me. 1993); *Harvie v. Bath Iron Works Corp.*, 561 A.2d 1023, 1025 (Me.1989); *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me.1980). Unlike the expiration of the statute of limitations, which results in a final disposition of the case, the level of an employee's prospective benefits is never final, and statutory amendments may be applied retroactively to alter the level of benefits for injuries predating those amendments. *See Tompkins*, 612 A.2d at 877–78 (relying, in part, on *Romein*, 503 U.S. at 190–91, 112 S.Ct. 1105). *See also Bernier*, 2002 ME 2, ¶¶ 16–17, 787 A.2d at 150 (stating that section 224 applies to pending proceedings); *Bowie v. Delta Airlines, Inc.*, 661 A.2d 1128, 1131 (Me.1995) (applying the 39-A M.R.S.A. § 223 (2001)

retiree presumption retroactively to injury predating presumption). Because the hearing officer in the present case correctly concluded, based upon competent evidence, that Morrissette's circumstances had changed since the previous determination of incapacity, it was not error to recalculate her level of incapacity benefits pursuant to section 224. *See McIntyre*, 2000 ME 6, ¶¶ 5–6, 743 A.2d at 746–47; *Folsom*, 606 A.2d at 1038.

[¶ 16] Finally, Kimberly–Clark contends that even if there was no violation of the constitutional principles of separation of powers in the present case, the sweep of section 224 is overly broad and should be struck down because it might be applied in an unconstitutional manner in another case. We have previously rejected this contention with respect to section 224. In *Bernier*, we held that the statutory language of the enacting provision to section 224 contained sufficient evidence of a legislative intent to apply section 224 to pending proceedings to overcome the statutory presumption of 1 M.R.S.A. § 302 (1989).[10] 2002 ME 2, ¶¶ 16–17, 787 A.2d at 150. Finding no unconstitutional application of section 224 in *Bernier*, we expressly declined the employer's invitation in that case to strike down section 224 because it might be applied in an unconstitutional manner in some future case.[11]

---

(2) which would have been timely filed under the limitation period provided by the laws in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991, shall be reinstated on motion by the plaintiff not later than 60 days after December 19, 1991.

*Id.* at 214–15, 115 S.Ct. 1447 (quoting 15 U.S.C.S. § 78aa–1(1998)).

10. *See supra*, note 7.

11. We stated:

[The employer] also contends that the broadness of the enacting statute violates

the constitutional separation of powers. [The employer] relies primarily on the United States Supreme Court decision in *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 217–18, 225, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ... holding that a federal statute violated Article III separation of powers to the extent that it purported to reopen final judgments of the judicial branch. *Plaut*, however, proscribes the enactment of legislation that affects final judgments; it does not prohibit legislation that affects cases that are pending in the judicial system. *Id.*; *see also Elramly v. I.N.S.*, 131 F.3d 1284,

[¶ 17] Accordingly, we conclude that the hearing officer did not err in applying section 224 to recalculate Morrissette's benefits based on her change of circumstances in March 2001.

[¶ 18] Kimberly–Clark also appeals from the hearing officer's decision to deny its petition pursuant to 39–A M.R.S.A. §§ 205(9)(B)(2) & 324(1) (2001) for reimbursement of $7049.03 it paid to Morrissette during the pendency of her prior petition for appellate review that was denied on March 15, 2001. Morrissette does not challenge Kimberly–Clark's assertion that some reimbursement is permissible pursuant to 39–A M.R.S.A. § 324(1), which grants to the Board "full jurisdiction" to determine the amount and schedule of repayment, and requires the Board to consider the financial situation of the employee and the employee's family, in order to avoid hardship and injustice. Accordingly, we vacate the hearing officer's denial of the petition for reimbursement without discussion, and remand for a determination of reimbursement to which Kimberly–Clark may be entitled.

The entry is:

The decision of the hearing officer of the Workers' Compensation Board is affirmed in part and vacated in part, and remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

1285 (9th Cir.1997) (per curiam) (rule in *Plaut* does not prohibit retroactive application of statutory amendment to case on remand, and therefore, a nonfinal judicial decision). We do not address possible separation of powers issues in the present case because the proceeding was pending at the time of the enactment of section 224.

*Bernier*, 2002 ME 2, ¶ 17 n. 7, 787 A.2d at 150.