STATE OF MAINE                              BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                             LOCATION: PORTLAND
                                            DOCKET NOS. BCD-CIV-2022-00049


TIMOTHY J. GILLIS,                 )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )        ORDER DENYING DEFENDANT THE
                                   )        ROMAN CATHOLIC BISHOP OF
                                   )        PORTLAND'S MOTION FOR
THE ROMAN CATHOLIC BISHOP          )        JUDGMENT ON THE PLEADINGS
OF PORTLAND,                       )
                                   )
        Defendant.                 )


Before the court is the Motion for Judgment on the Pleadings filed under Maine Rule of

Civil Procedure 12(c) by Defendant The Roman Catholic Bishop of Portland ("RCB") regarding

the claims of Plaintiff Timothy J. Gillis ("Plaintiff").[1] The court heard argument on RCB's motion

on January 31, 2023. For the following reasons, the motion is denied. The court does, however,

continue the stay on discovery in anticipation of RCB's motion to report.

## BACKGROUND

Plaintiff claims that he, as a minor, was the victim of sexual acts committed by adults

recruited, selected, trained, supervised and retained by RCB to serve as priests, clergy, lay

educators, or in other roles at RCB's parishes in the State of Maine. (Compl. ¶¶ 4-10, 27.) The

instances of abuse underlying Plaintiff's claims occurred between 1980 and 1985. (Compl. ¶¶ 20-

39.) RCB argues that Plaintiff's allegations are insufficient to state a claim because their

actionability is dependent on 14 M.R.S. § 752-C(3). This subsection was added to the statute

---

[1] Plaintiff filed a seven-count complaint asserting various theories of liability. Count I is for negligent failure to warn, train or educate; Count II for breach of fiduciary duty; Count III for fraudulent concealment; Count IV for negligent supervision; Count V for sexual assault/respondeat superior; Count VI for intentional infliction of emotional distress; and Count VII seeks punitive damages.

1

during 2021 and removes the statute of limitations for "all actions based upon sexual acts toward minors regardless of the date of the sexual act and regardless of whether the statute of limitations on such actions expired prior to" the amended statute's effective date. 14 M.R.S. § 752-C(3) (2022). RCB asserts that, as retroactively applied to Plaintiff's claims, the amended statute divests RCB of vested rights and violates its substantive and procedural due process rights guaranteed by the Maine State Constitution. *See* Me. Const. art. I, § 6-A.[2]

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) tests the legal sufficiency of the complaint. *Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988). When the defendant is the moving party, the motion is treated as "nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 4, 187 A.3d 609 (citation omitted). Hence, when reviewing the complaint, the court assumes the factual allegations are true, examines the complaint in the light most favorable to the plaintiff, and ascertains whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory. *Id.* (citation omitted). In cases such as this one, an affirmative defense may serve as the basis for dismissal under Rule 12(c) when the complaint itself affirmatively demonstrates the existence and the applicability of that defense. *Cunningham*, 538 A.2d at 267 (citations omitted).

## DISCUSSION

RCB's Motion for Judgment on the Pleadings first takes the position that section 752-C, subsection 3, is legally precluded from retroactive application. (Mot. J. Pleadings 3, 5-21.) RCB next argues that section 752-C applies only to human defendants accused of committing the

---

[2] Neither party is arguing that any further record needs to be developed, as the motion can be determined based on the dates alleged in the Complaint.

"sexual acts toward minors" specified in subsection 2, but not to organizations like RCB. (Mot. J. Pleadings 3, 21-29.)

I.    *The constitutionality of retroactive application and section 752-C.*

Statutes are presumptively valid, with reasonable doubts resolved in favor of constitutionality. *In re Evelyn A.*, 2017 ME 182, ¶ 25, 169 A.3d 914. The party asserting that a statute is unconstitutional bears the "heavy burden" of overcoming this presumption, and to do so they must "demonstrate convincingly that the statute conflicts" with the Maine State Constitution. *Irish v. Gimbel*, 1997 ME 50, ¶ 6, 691 A.2d 664.

RCB argues that it has a vested right to an immunity generated by an expired statute of limitations. Thus, RCB asserts that the legislature cannot constitutionally revive claims that expired pursuant to the statutes of limitations provided by past iterations of section 752-C, because doing so deprives RCB of its immunity from suit in violation of its substantive and procedural due process rights. Plaintiff disagrees, and the parties each present the court with a line of cases in support of their argument.

RCB claims it has a vested property interest or property right in the immunity conferred by an expired statute of limitations because such an immunity is "a thing of value that constitutes property." (Mot. J. Pleadings 6.) It relies on *NECEC Transmission LLC v. Bureau of Parks & Lands*, in which the Law Court embraced the view that "property" within the meaning of the Maine State Constitution encompasses "everything to which a man may attach a value and have a right." *NECEC Transmission LLC v. Bureau of Parks & Lands*, 2022 ME 48, ¶ 44, 281 A.3d 618 (citation and quotation marks omitted). The Maine State Constitution protects cognizable, vested property rights from abrogation by retroactive legislation. *Id.*

However, statutes of limitation are different than property rights. They are creatures of

3

statute within the prerogative of the legislature. *See Myrick v. James*, 444 A.2d 987, 989-93 (Me. 1982); *see also Miller v. Fallon*, 134 Me. 145, 147, 183 A. 416, 417 (1936). *NECEC Transmission LLC* placed the vested rights doctrine and the concomitant restraint on legislative power to enact retroactive legislation in the Maine State Constitution's due process clause. *NECEC Transmission LLC*, 2022 ME 48, ¶ 42, 281 A.3d 618 (citing Me. Const. art. I, § 6-A). The Law Court, however, has not had the opportunity to extend its holding regarding vested property rights to statutes of limitations.

The other cases relied on by RCB provide support for an inference that there may be a vested property right in an expired statute of limitations. *E.g., Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me. 1980) ("No one has a vested right in the running of a statute of limitations until the prescribed time has completely run and barred the action."); *Morrissette v. Kimberly-Clark Corp.*, 2003 ME 138, 837 A.2d 123. However, the Law Court's discussions of vested rights in *Morrissette* and *Dobson* are dicta which are neither central nor necessary to the holdings. *See Morrissette*, 2003 ME 138, ¶¶ 11-15, 837 A.2d 123 (permitting application of a new statute to the court's modification of the level of the petitioner-employee's workers' compensation benefits when the benefits had been ordered pursuant to a prior version of the statute); *Dobson*, 415 A.2d at 816-17 (allowing the case to proceed when the amended statute merely extended the statute of limitations); *Miller v. Fallon*, 134 Me. 145, 147-148, 183 A. 416, 417 (1936) (finding the statute at issue was not intended to apply retroactively). None of these cases explain why a vested property right emerges from an expired statute of limitations. Nor do any of them locate vested rights protections in the Maine State Constitution's due process clause.

Beyond Maine law, federal precedents hold that there is neither vested right in an immunity flowing from an expired statute of limitations nor due process protection under the Fourteenth

Amendment against retroactive legislation that revives claims that expired under a prior statute of limitations. *E.g., Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 311-16 (1945). These cases are also not controlling here, where RCB does not claim protection under the United States Constitution. But they do have persuasive power and specifically address statutes of limitation in the context of vested rights. Indeed, the Supreme Court of the United States distinguishes between vested rights to real or personal property, which receive constitutional protection, and the benefit of an expired statute of limitations. *Campbell v. Holt*, 115 U.S. 620, 625 (1885); *Donaldson*, 325 U.S. at 311-16.

Apart from these federal cases, Plaintiff relies on a different line of cases decided by the Law Court. *Norton v. C.P. Blouin*, 511 A.2d 1056, 1060-61 & nn.5, 7 (Me. 1986); *State v. LVI Group*, 1997 ME 25, ¶ 9, 690 A.2d 960 (analyzing retroactive legislation under the Maine State Constitution's due process clause). These cases, which considered the constitutionality of economic regulation distinct from the statute at issue in this case, are imperfect as precedents. However, they provide a workable alternative standard for courts to determine when retroactive legislation works a deprivation of a party's due process rights:

1) Retroactive application of the statute must affect substantive rights, and not merely remedies;
2) The legislature must provide a clear expression of intent favoring the retroactive application; and
3) The retroactive application must not be an unconstitutional exercise of the powers conferred to the legislature by the constitutions of the United States and the State of Maine;

*Norton*, 511 A.2d at 1060 n.5; *LVI Group*, 1997 ME 25, ¶ 9, 690 A.2d 960. The Law Court left this analysis concerning the retroactive application of statutes intact when it decided *NECEC Transmission LLC*. *NECEC Transmission LLC*, 2022 ME 48, ¶ 36, 281 A.3d 618 (citing *Norton*, 511 A.2d at 1060 n.5; *LVI Group*, 1997 ME 25, ¶ 9, 690 A.2d 960).

5

Moreover, the United States and State of Maine constitutions are often coextensive in the context of their due process protections. *See Doe v. Williams*, 2013 ME 24, ¶ 65, 61 A.3d 718. When considering the constitutionality of social welfare legislation under the federal Constitution, courts apply the rational basis test. *E.g., Califano v. Aznavorian*, 439 U.S. 170, 174, 178 (1978). Maine applies a "substantially similar" test, under which legislation need have only a "legitimate legislative purpose furthered by rational means" to survive judicial review. *LVI Group*, 1997 ME 25, ¶ 9, 690 A.2d 960 (citing *Tompkins v. Wade & Searway Constr. Corp.*, 612 A.2d 874, 878 n.2 (Me. 1992)). Application of this standard makes sense where the determination of when causes of action expire is historically a legislative prerogative. Here, the purpose underlying section 752-C, as amended by the 130th Maine Legislature, reflects a unique and evolved societal recognition of the nature of child sexual abuse and the headwinds against victims' ability to bring their claim. RCB argues that Plaintiff's line of cases is inapplicable, because it has a vested and fundamental right to immunity arising from the expired statute of limitations. But, as noted above, *NECEC Transmission LLC* does not extend Maine's vested rights doctrine to statutes of limitations.

The parties each make compelling arguments. In consideration of the closeness of this question and the presumption favoring constitutionality, the court cannot say that RCB has overcome its "heavy burden" to "convincingly" demonstrate that section 752-C, as amended, conflicts with the Maine State Constitution. *Irish*, 1997 ME 50, ¶ 6, 691 A.2d 664.

*II.     Application of section 752-C to institutional defendants.*

RCB also raised a related issue as to whether section 752-C may be applied to institutional or organizational defendants. Section 752-C, subsection 2, provides the basis for RCB's argument. That subsection defines "sexual acts towards minors," and links its definition directly to offenses defined by the Maine Criminal Code. 14 M.R.S. § 752-C(2) (citing 17-A § 251(c), (d) (2022)).

6

RCB claims that this subsection limits the statute's application to the human perpetrators of misconduct, since no organization is anatomically capable of perpetrating the specified crimes. Plaintiff counters that Section 752-C, subsections 1, removed the statutory limitation for offenses "*based upon* sexual acts towards minors," and that his claims against RCB fall within that description. 14 M.R.S. § 752-C(1), (3) (emphasis added).

In *Boyden v. Michaud*, the trial court considered this argument in the context of a prior iteration of section 752-C. *Boyden v. Michaud*, No. CV-07-331, 2008 Me. Super. LEXIS 88, at *11-15 (May 14, 2008). The *Boyden* court looked to the "plain meaning of the phrase based upon and the focus of the statute at hand, as gleaned from the language" and held that section 752-C is intended to apply to "actions flowing from a particular type of harm, not on the nature of the party or parties causing the harm." *Boyden*, 2008 Me. Super. LEXIS 88, at *15 (citation and quotation marks omitted). This is the "harm-based approach." *Id.* (citing *Almonte v. New York Med. Coll.*, 851 F. Supp. 34, 39 (D. Conn. 1994)). The court arrived at this conclusion after reviewing the legislative history of section 752-C from 1985 through 2000, as well as jurisprudence interpreting similar legislation from other jurisdictions. *Id.* at *11-14. This court has no reason to deviate from the rationale provided in *Boyden*, notwithstanding that court's qualification of this question as "razor thin."[3] *Id.* at *15.

### III. Stay on discovery.

During oral argument, RCB expressed that if the court denies its motion then it would ask the court to report the legal questions in this matter to the Law Court. *See* M.R. App. P. 24(c). The court agrees that these questions are important, given the number of related cases already

---

[3] The court views *Boyden* as more persuasive than *Me. Human Rights Comm'n ex rel. Pitts v. Warren*, No. KENSC-CV-20-85, 2021 Me. Super. LEXIS 153, at *3-4 (March 12, 2021). *Warren* involved a discriminatory proceeding. While child sex abuse was a factor, it was not based on that act. It was based on an unlawful eviction.

docketed.[4] Based on the representations of counsel, there is a large number of new cases anticipated. The court also acknowledges that this is a close case, and RCB raises serious challenges to the constitutionality and applicability of section 752-C. *See Boyden*, 2008 Me. Super. LEXIS 88, at *13 (suggesting a report on the corporate defendant would have been prudent). The court anticipates RCB's motion to report this issue to the Law Court, and the case is stayed while the motion is decided as long as the motion is filed within 21 days of this order.

CONCLUSION

Based on the foregoing, the entry will be: Defendant The Roman Catholic Bishop of Portland's Motion for Judgment on the Pleadings is DENIED. In the event The Roman Catholic Bishop of Portland moves to certify a question for the Law Court pursuant to M.R. App. P. 24(c), the case will be stayed until that motion is decided.

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: _____

_____
Thomas R. McKeon
Justice, Business & Consumer Court

Entered on the docket: 02/14/2023

---

[4] Thirteen cases are filed in the Business & Consumer Court. At least one other case is pending in the Superior Court.