STATE OF MAINE
CUMBERLAND, SS.

BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
Docket No. BCD-CV-17-02✓

ANNE GOBEIL,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    ORDER ON DEFENDANTS' MOTION
                                      )    TO DISQUALIFY COUNSEL FOR
ROBERT M.A. NADEAU, ESQ. and          )    PLAINTIFF
NADEAU LEGAL, PLLC,                   )
                                      )
        Defendants.                   )
                                      )

Defendants Robert M.A. Nadeau, Esq. and Nadeau Legal, PLLC have moved to disqualify James A. Clifford, Esq., counsel for Plaintiff Anne Gobeil. For the following reasons, Defendants' motion is denied.

## BACKGROUND

Plaintiff Anne Gobeil hired Defendants Robert M.A. Nadeau, Esq. and Nadeau Legal, PLLC in October 2012 to represent her in a civil action against her former employer, Laboratory Billing Service Providers, LLC ("LBS"). Defendants filed a five-count complaint on behalf of Plaintiff against LBS on March 10, 2014. Defendants subsequently withdrew from representation on November 4, 2015. James A. Clifford, Esq. entered an appearance on behalf of Plaintiff in March 2016.

On July 11, 2016, Plaintiff, with the assistance of Attorney Clifford, engaged in mediation with LBS. The parties agreed to a settlement of $20,000.00 for Plaintiff's lost income, out-of-pocket medical expenses, and attorney's fees.

On October 5, 2016, Plaintiff, represented by Attorney Clifford, filed a three-count complaint against Defendants for legal malpractice and breach of contract. Plaintiff alleges that

Defendants erroneously lead her to believe that it was not necessary to file a complaint with the Maine Human Rights Commission ("MHRC") in order to pursue claims for compensatory damages, punitive damages, and injunctive relief against LBS and that Defendants failed to file a complaint with the MHRC prior to the statute of limitations. Defendants answered on November 18, 2016. This matter was transferred to the Business and Consumer Court.

Plaintiff filed a motion for approval of attachment on February 8, 2017. Plaintiff's motion was supported by a purported "affidavit" from Attorney Clifford. Plaintiff's motion was denied on May 17, 2017. Defendant filed a motion to disqualify Attorney Clifford on April 14, 2017. Plaintiff filed an opposition on May 3, 2017. Defendants filed a reply on May 11, 2017.

## DISCUSSION

Disqualification of counsel is appropriate only when the moving party produces evidence supporting two findings. First, "disqualification must serve the purpose of supporting the ethical rules." *Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶ 9, 993 A.2d 1097 (internal quotation marks and citation omitted). The moving party must produce "more than mere speculation that an ethics violation has occurred." *Id.* The moving party "must establish in the record that **continued representation** of the nonmoving party by that party's chosen attorney **results in an affirmative violation** of a particular ethical rule." *Id.* (emphasis supplied).

Second, the moving party must demonstrate "that continued representation by the attorney would result in actual prejudice to the party seeking disqualification." *Id.* ¶ 10. The court "will not assume the existence of prejudice to the moving party just by the mere fact that an ethical violation was committed[.]" *Id.* The moving party "must point to the specific, identifiable harm" that he or she will suffer as a result of opposing counsel's continued representation. *Id.*

2

Defendants assert that, based on his affidavit in support of the motion for attachment, Attorney Clifford is a necessary witness in this case. (Defs. Mot. Disqualify 1.) Defendant contends that, because he is a necessary witness, Maine of Professional Conduct 3.7 precludes Attorney Clifford from continuing to represent Plaintiff. (*Id.* at 1-2.)

Maine Rule of Professional Conduct 3.7 provides:

(a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a tribunal in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [regarding concurrent conflicts of interest] or Rule 1.9 [regarding duties to former clients].

M.R. Prof'l Conduct 3.7. The comments to the Rules of Professional Conduct state:

[1] Combing the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict-of-interest between the lawyer and client.

…

[2] … The opposing party has proper objection where the combination may prejudice the party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof.

*Id.* cmts. 1-2.

In his affidavit, Attorney Clifford also opines that a May 23, 2013 letter from Defendants to Plaintiff contained "a number of gross misstatements" regarding the Maine Human Rights Act's ("MHRA") statute of limitations, the available remedies under the MHRA, and Plaintiff's ability to pursue compensatory and punitive damages. (*Id.* ¶ 7.) Attorney Clifford also opines that a July 15, 2013 email from Defendants to Plaintiff misstated the consequences for failing to

3

file a claim with the Maine Human Rights Commission ("MHRC"). (*Id.* ¶ 8.) Attorney Clifford's affidavit also states that he considered the complaint against LBS drafted by Defendants "to be very poorly written and pleaded." (*Id.* ¶ 14.) Attorney Clifford opines that the complaint's breach of contract claim was "worthless," that its intentional infliction of emotion distress claim was "problematic," and that its MHRA claims "had little or no value" because of Defendants' failure to file a charge with the MHRC. (*Id.*) Attorney Clifford's affidavit further states, "But for the failure to file with the MHRC, I believe that Plaintiff's MHRA claim had substantive merit and value[,]" and "I believe that Plaintiff will recover a judgment against Defendants in an amount equal to or greater than $300,000.00 exclusive of interest, costs, and attorney's fees." (*Id.* ¶¶ 2, 17.) Attorney Clifford's affidavit also contains other assertions of fact relevant to this case. (*Id.* ¶¶ 5-6, 9-12, 15-16.)

Attorney Clifford's affidavit testimony goes beyond confirming uncontested facts or the nature and value of legal services rendered. In legal malpractice actions such as this, expert testimony is generally necessary to establish the both breach of the standard of care and causation. *See Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 26, 8 A.3d 677; *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶¶ 13-14, 742 A.2d 933. Attorney Clifford's affidavit clearly contains assertions of fact and expert opinion testimony regarding both breach of the standard of care and causation of damages. Rule 3.7 clearly precludes Attorney Clifford from acting as both an advocate and a witness in this manner.

However, the court finds that disqualification is not warranted at this time. As discussed above, disqualification is required only if "**continued representation**" will results in a violation of a particular ethical rule. *Morin*, 2010 ME 36, ¶ 9, 993 A.2d 1097 (emphasis supplied). There is no indication Attorney Clifford's continued representation of Plaintiff will result in further

4

violation of ethical rules. The court is not convinced that Attorney Clifford is actually a necessary witness in this case. Defendants' motion rests solely on Attorney Clifford's affidavit. Many of the factual assertions in Attorney Clifford's affidavit could likely be provided by other witnesses, particularly Plaintiff and Defendants themselves. With regard to Attorney Clifford's opinion testimony, the court sees no reasons why a retained expert witness could not provide similar opinion testimony. In fact, in their opposition to the motion to disqualify, Defendants represent to the court that they have hired a qualified expert witness to present the same or similar opinion testimony. (Defs. Opp'n to Mot. Disqualify 5.) Defendants have cited no other evidence in the record demonstrating that Attorney Clifford is a necessary witness. Therefore, so long as Attorney Clifford is not called upon further to provide fact or opinion testimony regarding disputed issues, he is not a necessary witness in this action and his continued representation of Plaintiff will not result in any further violation of ethical rules. Accordingly, Defendants' motion shall be denied.

## CONCLUSION

Defendants Robert M.A. Nadeau, Esq. and Nadeau Legal, PLLC's motion to disqualify counsel for Plaintiff Anne Gobeil is **DENIED**.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 5/25/17

Richard Mulhern
Judge, Business & Consumer Court

5

| | | |
|---|---|---|
| ANNE GOBEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON PLAINTIFF'S MOTION FOR |
| | ) | APPROVAL OF ATTACHMENT |
| ROBERT M.A. NADEAU, ESQ. and | ) | |
| NADEAU LEGAL, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Anne Gobeil has moved for approval of attachment against Defendants Robert M.A. Nadeau, Esq. and Nadeau Legal, PLLC pursuant to Maine Rule of Civil Procedure 4A. For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

According to Plaintiff's motion, Plaintiff Anne Gobeil was terminated from her employment with Laboratory Billing Service Providers, LLC ("LBS") on August 27, 2012. (Pl. Mot. Attach. 2-3.) Plaintiff hired Defendants Robert M.A. Nadeau, Esq. and Nadeau Legal, PLLC to represent her in October 2012. (*Id.* at 2.) Plaintiff asserts that she provided Defendants with sufficient information to establish viable claims against LBS for retaliation and hostile work environment under the Maine Human Rights Act ("MHRA") and the Maine Whistleblower's Protection Act ("MWPA"). (*Id.*)

Plaintiff assert that Defendants erroneously lead her to believe that it was not necessary to file a complaint with the Maine Human Rights Commission ("MHRC") in order to pursue claims for compensatory damages, punitive damages, and injunctive relief in the Superior Court. (*Id.* at 4.) Defendants did not file a complaint on behalf of Plaintiff with the MHRC. (*Id.*) On March

10, 2014, Defendants filed a five-count complaint on behalf of Plaintiff against LBS. (*Id.*) Plaintiff contends that LBS asserted several affirmative defenses, including failure to exhaust administrative remedies under the MHRA and statutes of limitation. (*Id.* at 5.)

Defendants withdrew from representation on November 4, 2015. (*Id.*) On July 11, 2016, Plaintiff, with the assistance of new counsel, engaged in mediation with LBS. (*Id.*) The parties agreed to a settlement of $20,000.00 which represented Plaintiff's lost income, out-of-pocket medical expenses, and attorney's fees. (J. Clifford Aff. ¶ 16.)

Plaintiff filed a three-count complaint for legal malpractice and breach of contract against Defendants on October 5, 2016. Defendants answered on November 18, 2016. This matter was subsequently transferred to the Business and Consumer Court. Plaintiff filed a motion for approval of attachment on February 8, 2017. Defendants filed an opposition on April 14, 2017. Plaintiff filed a reply on April 28, 2017. A hearing was held on May 5, 2017.

## DISCUSSION

Pursuant to Maine Rules of Civil Procedure 4A, the court shall grant an order approving attachment only upon a finding that "it is more likely than not" that the plaintiff will recover a judgment, including interest and costs, greater than or equal to the aggregate sum of the attachment and trustee process plus any liability insurance, bond, other security, or other attached property available to satisfy the judgment. M.R. Civ. P. 4A(c). Thus, a plaintiff must prove by a preponderance of the evidence that they are likely succeed on their claims and recover an amount equal to or greater than the amount of the attachment sought. *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993).

A motion for attachment must be supported by affidavits. M.R. Civ. P. 4A(c). The affidavits must "set forth specific facts sufficient to warrant the required findings and shall be

2

upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true." M.R. Civ. P. 4A(i).

In support of her motion for attachment, Plaintiff has submitted purported "affidavits" from herself and her attorney, James A. Clifford, Esq. *See* (A. Gobeil Aff.; J. Clifford Aff.) An affidavit is a voluntary declaration of facts reduced to writing and sworn to by a declarant before an officer legally authorized to administer oaths. Black's Law Dictionary 68 (10th ed., 2014); Ballentine's Law Dictionary (Lexis 3d ed., 2010). Neither Plaintiff's nor Attorney Clifford's affidavit contains a jurat or any other statements evidencing that the affidavit was sworn to before an officer legally authorized to administer oaths. *See* (A. Gobeil Aff.; J. Clifford Aff.) Therefore, both "affidavits" are deficient and fail to meet requirements of Maine Rule of Civil Procedure Rule 4A.

Even if the court were to consider the "affidavits," Plaintiff has still failed to establish by preponderance of the evidence it is more likely than not that she will recover an amount equal to or greater than the amount of the attachment sought. Plaintiff seeks attachment in the amount of $200,000.00. (Pl. Mot. Attach. 1.) Plaintiff asserts that it is more likely than not she will recover a judgment equal to or greater than $300,000.00. (*Id.*) Plaintiff's assertion is based solely on her attorney's affidavit. (*Id.* at 6.) In his affidavit, Attorney Clifford states, "I believe that Plaintiff will recover a judgment against Defendants in an amount equal to or greater than $300,000.00 exclusive of interest, costs, and attorney's fees." (J. Clifford Aff. ¶ 2.) Attorney Clifford's belief appears to be based solely on the MHRA's statutory cap on damages. Attorney Clifford's affidavit states, "Under the MHRA, a statutory cap on compensatory and punitive damages of $300,000.00 would have applied to a settlement with or judgment against LBS." (*Id.* ¶ 5.)

3

In legal malpractice actions, an attorney's opinion regarding damages cannot rest on speculation or conjecture. *Allen v. McCann*, 2015 ME 84, ¶¶ 9-11, 120 A.3d 90. An attorney must provide a sufficient foundation for their opinion in order for the fact finder to assess their opinion without resorting to speculation. *Id.* ¶ 11. Attorney Clifford's affidavit provides no foundation for his opinion or any facts supporting his assertions. Moreover, there are no facts in either Plaintiff's or Attorney Clifford's affidavit regarding Plaintiff's damages. Thus, Plaintiff's assertion that she is likely to recover a judgment equal or greater to $300,000.00 appears to be based on pure speculation and conjecture. Therefore, even if the court were to consider the submitted affidavits, Plaintiff has failed to demonstrate it is more likely than not that she will recover an amount equal to or greater than the amount of the attachment sought. Accordingly, Plaintiff is not entitled to attachment.

## CONCLUSION

Plaintiff Anne Gobeil's motion for approval of attachment is DENIED.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: May 17. 2017

Richard Mulhern
Judge, Business & Consumer Court

Entered on the Docket: 5-18-17
Copies sent via Mail ___ Electronically ✓

4