MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2014 ME 72
Docket:      Cum-13-347
Argued:      April 8, 2014
Decided:     May 29, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

CHRISTINE S. ANGELL

v.

RENALD C. HALLEE

SAUFLEY, C.J.

[¶1]  This appeal, the second in these proceedings, requires us to determine whether the statute of limitations was tolled as a result of the defendant's move to Massachusetts during the applicable time frame.  *See Angell v. Hallee*, 2012 ME 10, ¶¶ 9, 13, 36 A.3d 922; *see also* 14 M.R.S. § 866 (2013).[1]  Specifically, Christine S. Angell appeals from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) in favor of Renald C. Hallee on Angell's complaint asserting multiple intentional torts based on allegations that, in the early 1970s, Hallee sexually assaulted her when she was a child and he was a Roman Catholic pastor in Bangor.  We affirm the entry of summary judgment.

---

[1]  In relevant part, 14 M.R.S. § 866 (2013) provides, "If a person is absent from and resides out of the State, after a cause of action has accrued against him, the time of his absence from the State shall not be taken as a part of the time limited for the commencement of the action."  This statute was in place throughout the time period at issue here.

## I. SUMMARY

[¶2]  The statute that tolls the statute of limitations as to certain out-of-state defendants will not toll the limitations period for any time during which Hallee was amenable to service.  *Angell*, 2012 ME 10, ¶¶ 9, 13, 36 A.3d 922.  For Hallee to have been amenable to service, (1) the law must have authorized service on him as an out-of-state defendant, *see* 14 M.R.S.A. § 704-A (1980) (Maine's long-arm statute),[2] and (2) Angell must have been able, "through reasonable effort," to find and serve Hallee, a Massachusetts resident, "by any means other than publication," *Angell*, 2012 ME 10, ¶ 9, 36 A.3d 922.  We conclude that the record presented on summary judgment demonstrates, without factual dispute, that Hallee was amenable to service within the two-year limitations period applicable in this case because he could have been served pursuant to Maine's long-arm statute and Angell could, through reasonable efforts, have located and served him.  Accordingly, we agree with the Superior Court that the statute of limitations expired before Angell filed her complaint.  *See* 14 M.R.S.A. § 753 (1965);[3] *Angell*, 2012 ME 10, ¶¶ 9, 13, 36 A.3d 922.

---

[2]  Title 14 M.R.S.A. § 704-A (1980) was in place during the two years following Angell's eighteenth birthday.  It has since been amended in part.  *See* P.L. 1995, ch. 694, § D-14 (effective Oct. 1, 1997) (codified at 14 M.R.S. § 704-A(2)(E) (2013)).

[3]  The statute provided, "Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of physicians and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues."  14 M.R.S.A. § 753 (1965).  It was subsequently amended, but that

## II.  BACKGROUND

[¶3]  Angell, who was born in 1961, alleges that Hallee's tortious conduct occurred between 1970 and 1973, when she was between eight and eleven years old and a parishioner of the Bangor church where Hallee served as a pastor. Angell turned eighteen on November 16, 1979.

[¶4]  On March 25, 2010—more than thirty years after she turned eighteen—Angell filed her complaint against Hallee seeking damages, including punitive damages, based on claims of negligence, sexual assault and battery, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, clergy malpractice, breach of fiduciary duty, and fraud. Angell also sought damages, including punitive damages, from the Roman Catholic Bishop of Portland (the Diocese) for fraudulent concealment, but these claims were later dismissed with prejudice by stipulation. *Angell*, 2012 ME 10, ¶¶ 2, 4, 36 A.3d 922.

[¶5]  At the time when Angell alleges that Hallee committed the torts, and throughout the two years following her eighteenth birthday, the generally applicable two-year statute of limitations for assault and battery governed the asserted causes of action.  *See* 14 M.R.S.A. § 753; *Angell*, 2012 ME 10, ¶ 6, 36

---

amendment did not take effect until years after the period of time that determines the outcome of this appeal.  *See* P.L. 1985, ch. 804, § 1 (effective Aug. 1, 1988) (codified at 14 M.R.S. § 753 (2013)).

A.3d 922. The limitations period was tolled until Angell's eighteenth birthday, November 16, 1979. *See* 14 M.R.S.A. § 853 (1980) (incorporating a 1977 amendment);[4] *Angell*, 2012 ME 10, ¶ 6, 36 A.3d 922. Therefore, the statute of limitations expired two years later, on November 16, 1981, *see* 14 M.R.S.A. § 753, unless the statute of limitations was further tolled because Hallee resided outside of Maine and was not amenable to service, *see* 14 M.R.S. § 866. *See Angell*, 2012 ME 10, ¶¶ 6, 9, 36 A.3d 922.[5]

[¶6] Although the Legislature enacted amendments to lengthen the statute of limitations after the two-year period following Angell's birthday,[6] for her to take advantage of those lengthened statutes of limitations, tolling would be required both during the two-year period after she turned eighteen and during the additional

---

[4] The statute provided, in relevant part, "If a person entitled to bring any of the actions under sections 752 to 754 . . . is a minor . . . when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed." 14 M.R.S.A. § 853 (1980). The amendment to the statute that took effect in 1977, during the tolling period for Angell's minority, did not modify the relevant language quoted here. *See* P.L. 1977, ch. 492, § 2 (effective Oct. 24, 1977) (codified at 14 M.R.S.A. § 853 (1980)); *see also* 14 M.R.S.A. § 853 (1965).

[5] The separate statute now in effect that provides that there is no time limitation on actions based on sexual acts toward minors did not take effect until 2000. *See* P.L. 1999, ch. 639, § 1 (effective Aug. 11, 2000) (codified at 14 M.R.S. § 752-C (2013)); *Angell v. Hallee*, 2012 ME 10, ¶ 6, 36 A.3d 922.

[6] We provided the history of the legislative changes in our earlier decision in this case:

> P.L. 1985, ch. 343, § 1 (effective Sept. 19, 1985) (enacting a six-year limitations period on claims based on sexual acts toward minors); P.L. 1989, ch. 292 (effective Sept. 30, 1989) (adding a three-year discovery period); P.L. 1991, ch. 551, § 1 (effective Oct. 9, 1991) (extending the limitations period to twelve years and the discovery period to six years for claims not barred by the previous statute of limitations); P.L. 1999, ch. 639, § 1 (effective Aug. 11, 2000) (eliminating the limitations period altogether for claims not barred by the previous statute of limitations).

*Angell*, 2012 ME 10, ¶ 7, 36 A.3d 922.

time that passed before each new legislative change. *See Angell*, 2012 ME 10, ¶ 7, 36 A.3d 922; *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816-17 (Me. 1980) (holding that legislation lengthening a statute of limitations "does not have the effect of changing the legal significance of prior events or acts" and is not impermissible retroactive legislation); *see also Morrissette v. Kimberly-Clark Corp.*, 2003 ME 138, ¶ 15, 837 A.2d 123 (noting that changes in a statute of limitations may extend the limitation period but cannot "revive cases in which the statute of limitations has expired"). Angell argues that the limitations period was tolled beyond the two years following her eighteenth birthday because Hallee was residing outside of Maine beginning before she turned eighteen and throughout the next thirty years.

[¶7] Hallee initially moved for judgment on the pleadings, M.R. Civ. P. 12(c), arguing that Angell's complaint was time-barred. *See Angell*, 2012 ME 10, ¶ 3, 36 A.3d 922. The Superior Court granted Hallee's motion and entered judgment for Hallee on the pleadings. *Id.* ¶ 4.

[¶8] On appeal, we vacated the court's judgment and remanded for further proceedings. *Id.* ¶ 13. We held that the tolling issue relating to Hallee's residence outside of Maine could not be decided through a motion for judgment on the pleadings because certain factual determinations were required. *Id.* Specifically, we held that, to prevail on a statute-of-limitations defense when tolling has been

6

asserted pursuant to section 866, an out-of-state defendant has the burden to show that the limitations period was not tolled because the defendant was "amenable to service" during the limitations period. *Id.* ¶ 9 (quotation marks omitted); *see id.* ¶ 10. A defendant is considered to have been "amenable to service" if, throughout the limitations period, the law authorized service of the defendant in the defendant's state of residence and the plaintiff could, "through reasonable effort," have found and served the defendant by any means other than publication. *Id.* ¶ 9 (quotation marks omitted). Because Hallee could not, through a motion for judgment on the pleadings, meet the evidentiary burden of establishing his statute-of-limitations defense by demonstrating the inapplicability of section 866, we vacated the entry of judgment on the pleadings and remanded for further proceedings. *Id.* ¶¶ 9-10, 13.

[¶9] On remand, Hallee moved for summary judgment, and the parties provided statements of material facts in support of and in opposition to summary judgment, supported by affidavits and evidence authenticated by those affidavits. *See* M.R. Civ. P. 56(h). Viewed in the light most favorable to Angell, the materials submitted establish the following facts concerning whether Hallee established that he was amenable to service, that is, that (1) Maine's long-arm statute authorized service on him, and (2) Angell could, through reasonable effort, have found and served him by means other than publication during the two-year limitations period

that began on November 16, 1979, and expired on November 16, 1981.[7] *See Angell*, 2012 ME 10, ¶¶ 9-10, 36 A.3d 922.

[¶10]   Hallee served as an assistant pastor in Bangor in the early 1970s, when Angell alleges the sexual assaults occurred.   While Angell was still a child, Angell's father received information that Hallee had committed sexual acts against her.   He made efforts to locate Hallee through the Bangor church in 1971 or 1972, but he was unable to obtain information about Hallee's location.   The only efforts to search for Hallee that Angell personally undertook were by asking others in the parish in Bangor where he had gone and searching for him on the Internet after she gained Internet access in 1998 or 1999.   She did not know his full name or its proper spelling until after commencing the present litigation.

[¶11]   After serving as an assistant pastor in Bangor, Hallee was transferred by the Diocese in September 1973 to serve at a church in Fort Kent.   The Diocese announced Hallee's move to Fort Kent in a news release.   Both the St. John Valley Times and the Bangor Daily News reported on the transfer and identified Hallee. The Bangor Daily News included a photograph in its story.

[¶12]   Hallee took a leave of absence from the church in March 1977 and briefly resided in his parents' home in Waterville.   In 1977, Hallee moved to

---

[7]   Because we ultimately conclude that the statute of limitations expired on November 16, 1981, any events that occurred after that date are not material to our analysis of this appeal.   *See Morrissette v. Kimberly-Clark Corp.*, 2003 ME 138, ¶ 15, 837 A.2d 123.

Massachusetts, where he has lived ever since. He was residing in Somerville on November 16, 1979, when Angell turned eighteen. He was working for the Lexington Public Schools at that time, and he continued to work there through January 2007. His name and address were listed in a publicly available list of residents maintained by the City of Somerville. Hallee moved from Somerville to North Reading in March 1983.

[¶13] The Diocese communicated with Hallee by mail at various times after he left the ministry in Fort Kent, including when he lived in Somerville. In 1980, while the two-year statute of limitations was running, two separate individuals in the Diocese sent mail to Hallee in Somerville. There is also evidence in the record that a priest from Fort Kent informed the Bishop of Portland of Hallee's Somerville address in a September 1981 letter. Some of Hallee's friends and family in Maine, including his sister, also knew where he lived, though Angell did not personally know any of those people.

[¶14] According to the current Chancellor for the Diocese, who has worked in the Chancery Office in one capacity or another since 1974, the Diocese has never had difficulty obtaining Hallee's current address when it has needed it. The Chancellor knows of only one inquiry made of the Diocese about Hallee's whereabouts for purposes of service of process—the inquiry made by Angell's

counsel in 2009. The Chancellor forwarded that inquiry to Diocesan counsel, who "answered it by letter dated May 28, 2009."

[¶15] On this record, the court entered summary judgment in favor of Hallee. Angell has appealed to us.

## III. DISCUSSION

[¶16] "Summary judgment is properly granted if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Doe v. Reg'l Sch. Unit 26*, 2014 ME 11, ¶ 13, 86 A.3d 600 (quotation marks omitted); *see* M.R. Civ. P. 56(c). We review de novo whether, on a motion for summary judgment, a dispute of material facts exists and whether the entry of a summary judgment was proper as a matter of law. *Estate of Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. For purposes of this review, we consider the evidence in the light most favorable to Angell as the party against whom judgment has been entered. *See id*.

[¶17] "A fact is material if it has the potential to affect the outcome of the suit," and a genuine issue of material fact exists when a fact-finder "must choose between competing versions of the truth," even if one party's version appears more credible or persuasive. *Id.* (quotation marks omitted). The nonmoving party is given "the full benefit of all favorable inferences that may be drawn from the facts

presented." *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18 (quotation marks omitted).

[¶18] As the party raising the affirmative defense of the statute of limitations, *see* M.R. Civ. P. 8(c), Hallee bears the burden of establishing that, although he resided outside of Maine, he was amenable to service because Maine's long-arm statute permitted service of the complaint in Massachusetts and "the plaintiff could, through reasonable effort," have found and served him "by any means other than publication" before November 16, 1981. *Angell*, 2012 ME 10, ¶¶ 9-10, 36 A.3d 922.

[¶19] There is no genuine issue of material fact in dispute as to whether, if Hallee could have been located, Maine's long-arm statute, 14 M.R.S.A. § 704-A, authorized service in Massachusetts. *See Angell*, 2012 ME 10, ¶¶ 9, 13, 36 A.3d 922. The long-arm statute in place throughout the two-year limitation period following Angell's eighteenth birthday authorized the service of process on an individual residing in another state if the complaint arose from the individual's commission of a tortious act in Maine. *See* 14 M.R.S.A. § 704-A(2)(B), (3).[8]

---

[8] In relevant part, the statute provided,

> **2. Causes of action.** Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> . . . .

[¶20] The question then is whether Hallee has satisfied his burden to demonstrate, without any disputes of material fact, that Angell, through reasonable effort, could have found and served him by any means other than publication. *See Angell*, 2012 ME 10, ¶¶ 9-10, 36 A.3d 922; *see also Patten v. Milam*, 480 A.2d 774, 777 (Me. 1984) (holding that a court determines whether a defendant is "amenable to service" pursuant to a long-arm statute based on whether the defendant's whereabouts are "known or reasonably could have been known to [the] plaintiff"). To answer this question, we must first determine whether the factual record, viewed in the light most favorable to Angell, demonstrates any disputes of material fact.

[¶21] We conclude that the material facts are not in dispute. In essence, Angell asserts that she did not know where Hallee was, which Hallee does not dispute. Angell concedes that she made no effort to find Hallee during the two years following her eighteenth birthday. Hallee does not dispute that he was living

---

**B.** Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;

. . . .

**3. Personal service.** Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, with the same force and effect as though summons had been personally served within this State.

14 M.R.S.A. § 704-A.

outside of Maine, but he asserts unopposed facts demonstrating that he was living an open life working in a public school and could readily have been served had Angell located him.

[¶22] Based on these undisputed facts, the question reduces to this: on the record presented, applying an objective standard, has Hallee demonstrated that Angell could have located him through reasonable effort, using the sources of information identified in the summary judgment proceedings. We conclude on this record that, although she did not attempt do so, Angell could have obtained information about Hallee's whereabouts through reasonable effort. Even though Angell did not know Hallee's full name, she knew where and when he had been a priest. A news release from the Diocese announced Hallee's move to Fort Kent. Two local newspapers reported on this transfer, identifying Hallee by name, and one of them also included a photograph of Hallee. The Diocese knew where Hallee was and kept up with his residences even after he left the church. Hallee communicated by letters with the Diocese, and the Diocese was either aware of his location or able to obtain information about his location during the two years after Angell turned eighteen. Hallee's sister was still in Maine and always knew where he could be located. In Massachusetts, Hallee's name appeared in the Somerville list of residents in both 1980 and 1981, and he was working for a public school system.

[¶23]  We are not persuaded by Angell's argument that, had she tried to locate Hallee, the Diocese would not have cooperated with her.  Even if the Diocese had not been cooperative initially, Angell could have filed her claims against the Diocese and Hallee within the two-year limitation period following her eighteenth birthday and, through discovery, obtained information about Hallee's location for purposes of serving him with process.  This reasonable effort would certainly have yielded the information necessary to serve Hallee through a means other than publication.

[¶24]  On the record presented on summary judgment, Hallee has established, without dispute of material facts, that he was amenable to service because he was subject to service under a long-arm extension of personal jurisdiction, *see* 14 M.R.S.A. § 704-A, and could, through reasonable effort, have been found and served by means other than publication, *see Angell*, 2012 ME 10, ¶¶ 9-10, 36 A.3d 922, during the two-year period following Angell's eighteenth birthday.  Accordingly, the limitation period expired before any amendments that lengthened the statute of limitations became effective, and Angell failed to commence her lawsuit in a timely manner.  *See Morrissette*, 2003 ME 138, ¶ 15, 837 A.2d 123.  The court appropriately entered summary judgment in favor of Hallee.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Sumner H. Lipman, Esq., and James T. Lawley, Esq., Lipman & Katz, P.A., Augusta, for appellant Christine S. Angell

Russell B. Pierce, Jr., Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellee Renald C. Hallee

**At oral argument:**

James T. Lawley, Esq., for appellant Christine S. Angell

Russell B. Pierce, Jr., Esq., for appellee Renald C. Hallee

Cumberland County Superior Court docket number CV-2010-132
FOR CLERK REFERENCE ONLY