MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2015 ME 84
Docket:       Cum-14-261
Argued:       February 12, 2015
Decided:      July 14, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, and HJELM, JJ.

BONNIE L. ALLEN

v.

ALEXANDER F. MCCANN

MEAD, J.

[¶1]   Bonnie Allen appeals from an entry of summary judgment by the Superior Court (Cumberland County, *Mills, J.*) in favor of Alexander McCann on Allen's complaint alleging legal malpractice.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   On June 4, 2002, Bonnie Allen injured her neck, back, shoulders, and arms handling a high-pressure hose while working at a paper mill.  In December 2002, Allen hired attorney Alexander McCann to represent her in her workers' compensation claim.  Allen was unfamiliar with workers' compensation law and relied on McCann to guide her through the process from December 2002 until March 2009.  Following her injury, Allen continued to work full-time under light-duty restrictions, but her condition worsened over the next two years.  In

2

August 2004, Allen's medical providers indicated that she should no longer work for the time being, and she has not worked since.

[¶3]   On August 4, 2004, Allen's employer began paying her workers' compensation benefits, but the employer disputed whether she was totally disabled. McCann made a lump-sum settlement demand to Allen's employer for $300,000 in late September 2004.  In December 2004, Allen's employer offered her a different job, which she declined based on the advice of her doctor who opined that she currently had no work capacity.  Allen's employer again offered her another job in April 2005, which she declined on the advice of her doctors.  In August 2005, Allen's employer suspended her workers' compensation benefits based on the opinion of an independent medical examiner that Allen was "capable of some limited work"; the employer alleged that Allen voluntarily refused reasonable employment.  McCann petitioned for reinstatement of Allen's benefits, which were provisionally reinstated on September 27, 2005, pending an evidentiary hearing, which was held on February 9, 2006.

[¶4]   In May 2006, the Workers' Compensation Board (WCB) awarded Allen, still represented by McCann, partial incapacity benefits.  In his decision, the hearing officer stated, "Ms. Allen has not presented evidence of a work search and is therefore not eligible for 100% partial incapacity benefits," concluding that Allen was capable of earning about $200 per week.  Allen was awarded $308.48

per week in workers' compensation benefits. After reading the hearing officer's decision, Allen was confused and contacted McCann, asking if she should be performing a work search. McCann responded:

> You are not required to look for work, but the payments you are receiving presume that you have earnings. In other words, you are being treated as if you are presently earning $200 per week . . . . This could change, either up or down, in the event of a change in circumstances . . . . Similarly, if you set out to look for work elsewhere paying $200 per week, and were able to prove that you could not get that work because of your injuries, that would also be a change in circumstances. I do not see any change in the near future.

In addition to her workers' compensation benefits, Allen began receiving Social Security Disability Insurance (SSDI) benefits in 2007 with McCann's assistance.

[¶5] In March 2009, Allen hired attorney James MacAdam to represent her in her workers' compensation claim, replacing McCann. MacAdam advised Allen to do a work search, which she did unsuccessfully, beginning in April 2009. MacAdam sought to use the work search to obtain an increase in Allen's workers' compensation benefits, but Allen's employer raised a res judicata defense. In December 2010, MacAdam sent a settlement demand for $350,000 on behalf of Allen to her employer, and in July 2012, Allen settled her workers' compensation claim for $300,000.

[¶6] In March 2012, Allen filed a complaint against McCann in the Superior Court, alleging that McCann "failed to exercise due care and was negligent in

4

representing and advising [her]." McCann filed a motion for summary judgment pursuant to M.R. Civ. P. 56, and the court granted summary judgment in favor of McCann. Allen filed a motion to alter or amend the order, which the court denied. This appeal followed.

## II.  DISCUSSION

[¶7]  Allen argues that the court erred in granting summary judgment in favor of McCann because there exists a genuine issue of material fact concerning whether she could have obtained an award of total incapacity benefits, as opposed to an award of partial incapacity benefits, had McCann advised her to perform a work search. Allen also argues that she sustained a loss because (1) the amount of the final settlement of her workers' compensation claim was less than what she would have recovered in workers' compensation benefits had McCann instructed her to perform a work search and had the Hearing Officer awarded her total incapacity benefits; (2) that amount should not be offset by her SSDI benefits; and (3) that amount was not fully compensated by her SSDI benefits.

A.    Standard of Review

[¶8]  "Summary judgment is properly granted if the record reflects that there is no genuine issue of material fact . . . ." *Angell v. Hallee,* 2014 ME 72, ¶ 16, 92 A.3d 1154 (quotation marks omitted). We review a grant of summary judgment de novo, "viewing the summary judgment record in the light most favorable to the

nonprevailing party to determine whether it demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cote Corp. v. Kelley Earthworks, Inc.,* 2014 ME 93, ¶ 8, 97 A.3d 127 (quotation marks omitted). "A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth . . . ." *Angell,* 2014 ME 72, ¶ 17, 92 A.3d 1154 (quotation marks omitted).

B.    Legal Malpractice

[¶9]  Attorneys have "a legal obligation to discharge their duties and execute the business entrusted to them with a reasonable degree of care, skill, and dispatch . . . ." *Garland v. Roy,* 2009 ME 86, ¶ 19, 976 A.2d 940 (quotation marks omitted).   To prove legal malpractice, a plaintiff must demonstrate by a preponderance of the evidence that (1) "the defendant breached a duty owed to the plaintiff to conform to a certain standard of conduct," and (2) "the breach of that duty proximately caused an injury or loss to the plaintiff." *Id.* (quotation marks omitted).  "The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to judgment." *Niehoff v. Shankman & Assocs. Legal Ctr, P.A.,* 2000 ME 214, ¶ 8, 763 A.2d 121 (quotation marks omitted).

6

[¶10] In the May 2006 WCB decision, the hearing officer awarded Allen partial benefits. Allen argues that she would have received total benefits but for McCann's negligence in failing to advise her to perform a work search. Although this aspect of her claim may have survived McCann's motion for summary judgment, this issue is subsumed in the larger issue of whether she could have established damages without resort to speculation.

[¶11] Allen argues that she suffered a measureable loss due to McCann's failure to advise her to perform a work search. However, Allen settled with her employer, and because of the settlement, her proffered damages calculation is speculative. Attorney MacAdam's assertion, without further detail or explanation, that he believes that he could have settled for more had Allen been receiving an additional $150 per week in workers' compensation benefits, does not provide a foundation upon which a jury could assess damages without resort to speculation. The other party to the settlement, the employer, certainly has its own settlement criteria, which may or may not have focused upon the weekly benefit rate. Because the factors producing a settlement cannot be ascertained or weighed in hindsight, attempting to calculate an award of damages is speculative.[1] Summary judgment was correctly granted.

---

[1] Because the settlement rendered the calculation of damages speculative regardless of whether or not Allen's SSDI benefits are considered, we do not reach the issue of whether her SSDI benefits are a collateral source.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Marshall J. Tinkle, Esq., Hirshon Law Group, PC, Portland, for appellant Bonnie L. Allen

Philip P. Mancini, Esq., and Andrew P. Pierce, Esq., Drummond & Drummond, LLP, Portland, for appellee Alexander F. McCann

**At oral argument:**

Marshall J. Tinkle, Esq., for appellant Bonnie L. Allen

Philip P. Mancini, Esq., for appellee Alexander F. McCann

Cumberland County Superior Court docket number CV-2012-161
FOR CLERK REFERENCE ONLY