MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 155
Docket:      BCD-16-419
Argued:      April 11, 2017
Decided:     July 13, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ALAN MILLER

v.

STEVE N. MILLER et al.

HUMPHREY, J.

[¶1]   Alan Miller appeals from summary judgments entered in the Business and Consumer Docket (*Horton, J.*) in favor of Miller's Lobster Company Inc. (MLC), Steve N. Miller, and Mark K. Miller (collectively, the Millers); and in favor of SAM Miller, Inc. (SMI).  After Alan sought injunctive relief and damages arising out of the lease of wharf property in St. George by SMI to MLC, the court granted the Millers' and SMI's motions for summary judgment, concluding that Alan's claims are barred by the applicable statute of limitations.  We affirm the judgments.

I.  BACKGROUND

[¶2]  On August 8, 2014, Alan, acting "individually and in the right of and for the [b]enefit of" SMI, filed the operative second amended complaint

against the Millers.[1]   Alan alleged that he, Steve, and Mark are the sole shareholders of SMI; that Steve and Mark are the sole shareholders of MLC; and that SMI leased wharf property in St. George to MLC without conducting a lawful corporate meeting and without charging MLC rent, to the detriment of Alan and SMI.

[¶3]   Alan asserted eight causes of action in connection with the lease agreement: a shareholder derivative action challenging Steve and Mark's failure to prevent SMI from entering into the lease (Count 1); breach of fiduciary duty (Count 2); gross mismanagement (Count 3); waste of corporate assets (Count 4); unjust enrichment (Count 5); punitive damages (Count 6); breach of the duty of good faith and fair dealing (Count 7); and interference with advantageous relationships (Count 8).[2]   The Millers moved for a summary judgment, arguing that each of Alan's claims against them was barred by the statute of limitations.   Alan opposed the motion and filed additional statements of material facts, to which the Millers replied.[3]

---

[1]  Alan filed his initial complaint on February 19, 2014, in the District Court (Rockland).  The case was transferred to the Business and Consumer Docket in June 2014.

[2]  Alan named SMI as a "Nominal Defendant" and sought relief "Against All Defendants" in five of the causes of action.  SMI, represented by separate counsel, filed an answer and asserted that Alan's claims were barred by the statute of limitations.

[3]  SMI did not separately move for a summary judgment or join the Millers' motion.

[¶4] Viewed in the light most favorable to Alan, the nonprevailing party, the summary judgment record reveals the following facts. *See Pawlendzio v. Haddow*, 2016 ME 144, ¶ 9, 148 A.3d 713. Alan, Steve, and Mark are brothers. Their father, Luther Miller, purchased the wharf at issue in the 1960s. MLC, which conducts a restaurant business, was formed in 1978 and has operated from Luther's wharf since its inception. Since 1992, Steve and Mark have been the sole shareholders of MLC. Between 1992 and 1997, MLC continued to operate on the wharf while paying the wharf's real estate taxes, insurance, and maintenance costs.

[¶5] In 1997, Luther transferred ownership of the wharf to SMI, a new corporation formed by Alan, Steve, and Mark. The three brothers are the sole shareholders of SMI, each owning a one-third interest in the corporation. On September 2, 1997, SMI executed a lease allowing MLC to continue operating from the wharf without paying rent in exchange for paying the wharf's taxes, insurance, and maintenance costs. That lease was renewed in 2001 and again on May 1, 2004. Alan alleges that both lease renewals occurred without his knowledge or consent and without a meeting of all of the SMI shareholders. It is undisputed, however, that MLC has operated in some capacity from the wharf continuously since it was formed in 1978 and that since 1997 it has

4

"been using the [w]harf exclusively" and paying for the wharf's real estate taxes, insurance, and maintenance costs.[4]

[¶6]  On August 16, 2013, Alan demanded, pursuant to 13-C M.R.S. § 753 (2016), that SMI file an action against the Millers for damages caused by MLC's lease of the wharf for no or insufficient rent and for other fiduciary breaches.  SMI has not instituted such an action.

[¶7]  By order dated August 7, 2015, the court concluded that Alan's claims were untimely according to the applicable six-year limitations period, *see* 14 M.R.S. § 752 (2016),[5] and granted the Millers' motion for summary judgment as to "all of [Alan's] claims."  Alan appealed from the judgment and we dismissed his appeal as interlocutory because to the extent that he had asserted claims against SMI as a "nominal defendant," the judgment did not dispose of those claims.

---

[4]  The parties' statements of material facts generate several disputes regarding Alan's notice of and participation in SMI's decisions, details of the executions of the leases, Alan's level of knowledge of or agreement to the leases and the timing of that knowledge, SMI's failure to charge MLC rent, and the extent of MLC's growth (and resulting increase in its use of the wharf) over the years.  These disputes are not material to the statute-of-limitations issue, which is the sole issue in this appeal.

[5]  According to 14 M.R.S. § 752 (2016), "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specially provided."

[¶8]  In June 2016, SMI moved for a summary judgment, arguing that Alan's claims against it were barred by the statute of limitations.  The court granted SMI's motion, determining that to the extent Alan asserted claims against SMI, those claims were "barred by the statute of limitations to the same extent and for the same reasons as his claims against" the Millers.  Alan now timely appeals from the summary judgments in favor of the Millers and SMI.

## II.  DISCUSSION

[¶9]  Alan argues that the court erred by concluding that his claims against the Millers and SMI are barred by the applicable statute of limitations. We review the summary judgment record in the light most favorable to Alan, the nonprevailing party, to determine de novo whether the parties' statements of material facts and the evidence cited therein establish that no genuine dispute of material fact exists and that the Millers and SMI are entitled to judgments as a matter of law.  *See* M.R. Civ. P. 56(c); *Angell v. Hallee*, 2014 ME 72, ¶ 16, 92 A.3d 1154; *Pawlendzio*, 2016 ME 144, ¶ 9, 148 A.3d 713. "A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth, even if one party's version appears more

6

credible or persuasive." *Angell*, 2014 ME 72, ¶ 17, 92 A.3d 1154 (quotation marks omitted).

[¶10]  The Millers and SMI, who raised the affirmative defense of the statute of limitations, first had the burden to establish that there is no genuine dispute that Alan's suit was commenced after the limitations period elapsed. *See* M.R. Civ. P. 8(c); *Angell*, 2014 ME 72, ¶¶ 18, 20, 92 A.3d 1154; *Nuccio v. Nuccio*, 673 A.2d 1331, 1333 (Me. 1996).  If they met that burden, it was then Alan's burden to demonstrate that a dispute of material fact exists as to whether the statute of limitations was nonetheless tolled or otherwise inapplicable.  *See Nuccio*, 673 A.2d at 1334.  Alan contends that the Millers and SMI did not meet their burden and that even if they did, he met his burden to establish that tolling of the limitations period renders his complaint timely.

A.    Accrual

[¶11]  Alan first contends that the Millers and SMI did not meet their burden to establish, as a matter of law, that his action was commenced after the limitations period for each claim had elapsed.  The parties agree that the six-year limitations period provided by 14 M.R.S. § 752 applies to all of Alan's claims; therefore, to survive the defendants' statute-of-limitations defense, his action must have been commenced within six years after his causes of action

accrued. There is no dispute that Alan commenced his action on February 19, 2014.

[¶12] Absent express direction from the Legislature stating otherwise, a cause of action accrues when "the plaintiff sustains a judicially cognizable injury." *Nevin v. Union Tr. Co.*, 1999 ME 47, ¶ 24, 726 A.2d 694 (quotation marks omitted). Generally, tort actions accrue "when the plaintiff sustains harm to a protected interest," i.e., when a plaintiff is "entitled to seek judicial vindication." *McLaughlin v. Superintending Sch. Comm.*, 2003 ME 114, ¶ 22, 832 A.2d 782 (quotation marks omitted). The same is true for a claim for a declaratory judgment. *See Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶¶ 1, 8-9, 942 A.2d 700.

[¶13] Here, for each of his eight causes of action, Alan identified the operative wrong as the execution of the lease agreement between SMI and MLC and the renewals of that agreement. Although in his summary judgment filings he disputed whether he was aware of the lease renewals, he conceded that the original lease agreement was executed in 1997 and that he has been aware since then that MLC has been using the wharf exclusively and paying tax, insurance, and maintenance costs—but not rent—to SMI continuously. Alan therefore could not have sustained the injury of which he now complains

8

any later than May 1, 2004, and the summary judgment record reveals no genuine dispute of material fact that his action, commenced in February 2014, was initiated more than six years after the date that his claims accrued.[6]

B.    Tolling

[¶14]   We now turn to the issue of whether Alan met his burden to demonstrate a genuine issue of material fact as to whether the limitations period was nevertheless tolled or otherwise inapplicable.  *See Nuccio*, 673 A.2d at 1334.  Alan contends that the limitations period was tolled based on the doctrine of adverse domination.[7]

[¶15]   According to the equitable doctrine of adverse domination, the statute of limitations applicable to a corporation's cause of action against controlling directors who are culpable of wrongdoing may be tolled in some circumstances where the culpable officers would have a duty to institute the action on behalf of the corporation against themselves.  *See Bates St. Shirt Co.*

---

[6]  We need not discuss whether Alan's claims accrued in 1997, when the original lease was executed, or in 2004, when it was most recently renewed, because there is no dispute that his action was filed more than six years after either date.  To the extent that Alan preserved for appellate review—as to either the Millers or SMI—any argument that the summary judgment record contains a genuine dispute of material fact as to whether his claims accrued *after* May 1, 2004, we are not persuaded by those arguments.  *See* 13-C M.R.S. §§ 751-758 (2016); *Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶¶ 8-9, 942 A.2d 700; *McLaughlin v. Superintending Sch. Comm.*, 2003 ME 114, ¶ 23 n.6, 832 A.2d 782.

[7]  In the trial court, Alan advanced two other theories as to why the limitations period was tolled notwithstanding the accrual date—fraud and equitable estoppel.  He has not raised those theories on appeal.

*v. Waite*, 130 Me. 352, 356-57, 156 A. 293 (1931). The doctrine provides for equitable tolling in situations where controlling officers conceal their culpable conduct from those who would otherwise bring an action on the corporation's behalf, or where they control the corporation to the extent that they could refuse to allow it to act in its best interest. *See Aiello v. Aiello*, 852 N.E.2d 68, 79-80 (Mass. 2006); *see also Wilson v. Paine*, 288 S.W.3d 284, 288 (Ky. 2009) (stating that the doctrine "prevents the culpable directors from benefiting from their lack of action on behalf of the corporation" because "in most cases, defendants' control of the corporation will make it impossible for the corporate plaintiff independently to acquire the knowledge and resources necessary to bring suit" (quotation marks omitted)).

[¶16]  The record supports Alan's contentions that Steve and Mark, together, hold a controlling interest in SMI and, as functioning directors, *see* 13-C M.R.S. § 743(8)(A), (B) (2016), stood as fiduciaries of the corporation, *see* 13-C M.R.S. § 831(1), (2) (2016). Alan takes issue with the trial court's determination that the doctrine of adverse domination does not apply to toll the statute of limitations in this case because "the tolling of the limitations period should not necessarily apply when a [non-controlling] shareholder has the requisite information and ability to assert derivative claims."

[¶17]  The court's logic is sound.  As the Massachusetts Supreme Judicial Court has explained,

> The mere existence of a majority of culpable directors should not lead to a presumption that a corporate plaintiff is unable to discover or redress the wrongs perpetrated by such directors, thereby tolling a statute of limitations established by the Legislature to provide the temporal finality necessary for the orderly conduct of human affairs. . . . The concerns justifying the application of the adverse domination doctrine are substantially mitigated where an informed, disinterested director is also a shareholder in the corporation.  Where such a person could have induced the corporation to sue, it cannot be said that the corporation is barred from seeking redress of the injury to it, and there is no longer a good reason to refuse to impute that person's knowledge of the wrongdoing to the corporation itself.

*Aiello*, 852 N.E.2d at 80-81 (citation omitted) (quotation marks omitted).  The United States Court of Appeals for the Second Circuit has held, similarly, that

> a plaintiff who seeks to toll the statute [of limitations] on the basis of domination of a corporation has the burden of showing a full, complete and exclusive control in the directors or officers charged. . . . This principle must mean at least that once the facts giving rise to possible liability are known, the plaintiff must effectively negate the possibility that an informed stockholder or director could have induced the corporation to sue.

*Int'l Rys. of Cent. Am. v. United Fruit Co.*, 373 F.2d 408, 414 (2d Cir. 1967) (quotation marks omitted).

[¶18]  We agree with the analysis of these courts.  There is no reason that the limitations period should be stalled where a disinterested

shareholder is both aware of the alleged wrongdoing and able to initiate an action on the corporation's behalf against the allegedly culpable directors. In those circumstances, the justifications for tolling based on adverse domination are absent because the corporation's interests can be protected through a derivative action by the non-controlling shareholder. *Cf., e.g.*, *FDIC v. Dawson*, 4 F.3d 1303, 1310 (5th Cir. 1993) (citing "the possibility of concealment" as a "strong[] argument" for an approach under which the plaintiff would need to "show only that a majority of the board members were wrongdoers during period the plaintiff seeks to toll the statute").

[¶19] Here, the summary judgment record establishes that Steve and Mark did not have total control of SMI—they did not prevent a shareholder derivative action by Alan, the owner of a one-third interest in SMI. Moreover, Alan does not dispute that he has been aware, since at least May 1, 2004, of the alleged wrongdoing that forms the basis of his shareholder derivative action on behalf of SMI against its directors. As the trial court concluded, therefore, Alan had the knowledge and ability to assert a shareholder derivative action on SMI's behalf against Steve and Mark in their capacities as SMI directors, *see* 13-C M.R.S. §§ 751-758 (2016), but he did not do so within the six-year limitations period. In these circumstances, the doctrine of

adverse domination does not apply to toll the statute of limitations. Because no genuine dispute of material fact exists as to whether the statute of limitations was tolled, the court did not err when it granted the Millers' and SMI's motions for summary judgment.

The entry is:

Judgments affirmed.

_____

William H. Welte, Esq. (orally), Welte & Welte, P.A., Camden, for appellant Alan Miller

Christopher K. MacLean, Esq. (orally), Elliott MacLean Gilbert & Coursey, Camden, for appellees Steve N. Miller, Mark K. Miller, and Miller's Lobster Company, Inc.

Business and Consumer Docket docket number CV-2014-36
For Clerk Reference Only